## COURTROOM MINUTE SHEET

CASE NO. <u>CR-24-00125-JD</u>                          U.S.A. -v- <u>OLUKAYODE ADURAGBENRO OJO</u>

COMMENCED <u>2:30 p.m.</u>          ENDED <u>3:35 p.m.</u>          TOTAL TIME <u>1 hour and 5 minutes</u>

JUDGE <u>JODI W. DISHMAN</u>        DEPUTY <u>NYSSA VASQUEZ</u>        REPORTER <u>        N/A        </u>

PROCEEDINGS <u>Pretrial Conference</u>

PLF'S. COUNSEL <u>Jackson Eldridge and Matthew B. Dillon, AUSA</u>

DFT'S. COUNSEL <u>Ronald C. Jones, II, Retained</u>

Counsel appear as noted above. Defendant appears in person with retained counsel. The parties waive court reporter for the pretrial conference.

Counsel for the government announce ready for trial. Counsel for Defendant announces ready for trial.

The Court discusses the following with the parties and imposes the following deadlines. The Court explains that if the parties have updates or something changes from what the parties conveyed to the Court at the pretrial conference, they shall promptly advise the Court through its deputy clerk or file an appropriate motion or notice.

1. **Plea Deadline**. The Court **ADVISES** should the defendant elect to enter into a plea of guilty, the parties should advise this Court **by Friday, August 9, 2024, at 3:00 p.m.**

2. **Trial Schedule**. Court's expectations of jury selection and trial days discussed. Jury selection will commence on Tuesday, August 13, 2024, **an exact start time will be determined closer to trial as well as a start time for counsel to appear in court**. Jury qualification to occur prior to selection. The Court will conduct a *Frye* inquiry of Defendant on the record before jury selection begins on August 13, 2024. Trial days will begin at 9:00 a.m., with a morning break around 10:30, a lunch break from 12:00 to 1:15, and an afternoon break around 2:30. Each day will end between 5:00-6:00 p.m. Any matters that need to be addressed outside the presence of the jury will be heard before 9:00 a.m. or after the Court concludes each day. The Court cautions counsel not to run out of witnesses early on trial days.

3. **Trial Length**. Counsel for the government anticipates <u>1 - 1 ½ days</u> for trial of the case. Counsel for the defendant anticipates a <u>½ day</u> for trial.

4. **Witnesses**. Government anticipates <u>5 witnesses</u>, and defense advises it estimates <u>2 potential witnesses (not including defendant)</u>. Counsel for the government advises that it anticipates one of Defendant's potential witnesses to be a family member and should that continue to be the

case, they will invoke the rule at the beginning of jury trial. The lawyers to discuss witnesses and whether subpoenas are needed by defense counsel for certain witnesses. Defendant advises an issue as to a subpoena for documents that was submitted to the FAA but that the individual who received the subpoena was not able to locate the documents requested. The parties are conferring on a stipulation regarding the individual conducting a search but not being able to locate the requested documents. In light of this announcement, the Court EXTENDS the stipulation deadline to **Friday, August 9, 2024, at 5:00 p.m.** The Court notes that the government filed an expert notice [Doc. No. 35] and that no *Daubert* motion was filed. The parties announce they do not anticipate any issues relating to experts.

5. **Examining and Cross-examining Witnesses**. No double-teaming. One lawyer for each side will do exam or cross-exam on a witness, and that lawyer is the only one who may raise an objection during that witness's testimony.

6. **Discovery issues/*Jencks*/*Brady* material, Exhibits/Exhibit objections**. Government's counsel notes that it has a few additional documents to be produced, but both sides' counsel note no discovery issues outstanding. No Jencks issues, no Brady issues, and no issues with exhibits at this time. The Court reminds government's counsel of DPPA obligations.

7. **Pretrial Motions/Superseding Indictment**. No pretrial written motions are currently anticipated. Both sides of counsel agree to the Court reading the Superseding Indictment [Doc. No. 21] and no summary will be submitted.

8. **Stipulations**. The Court **ORDERS** the parties to bring any stipulations reached to its attention **by Friday, August 9, 2024, at 5:00 p.m**.

9. **Foreseeable Issues**. The Court discusses the foreseeable issues noted in the government's trial issues memorandum and inquires whether there are any additional foreseeable issues. Defense counsel raises a concern regarding evidence being introduced with regard to the Defendant's Kentucky conviction and is seeking to limit the evidence anticipated by the government. The Court hears from both parties as to this issue and **ORDERS** that any written objection by the defendant shall be filed **by Friday, August 9, 2024, at 5:00 p.m.** The government should file its response to any written objection **by Monday, August 12, 2024, at noon**. The Court instructs the parties that should it overrule any anticipated objection raised by defense as to the KY conviction, counsel should be prepared to provide a cautionary and/or limiting instruction.
   - Regarding the attorney-client privilege issue raised, the parties announce they have conferred and resolved this issue and that the defense is not planning to call an attorney and that if the defendant testifies, he is not planning to rely on attorney-client privilege or an advice of counsel defense.
   - Regarding the 2013 disclosure evidence discussed. The parties do not anticipate any issues on this issue at this time.

10. **Exhibits and Demonstratives**. Format of exhibit notebooks discussed (numerical only and no sub-exhibits, e.g., for the government, PX1, PX2, PX3, etc. and for the defendant, DX1, DX2, DX3, etc.). For the JERS format, the parties should use numerical only. Demonstratives by the government and defendant discussed. The Court will not allow any demonstratives/ enlargements/blow-ups of exhibits to go back to the jury.

11. **Jury selection**. The Court explains 12-in-the-box method. The Court will conduct voir dire but might allow counsel to ask follow up questions that go to bias and prejudice or allow a party to intelligently exercise preemptory challenges before the prospective jurors are passed for cause and for any new prospective jurors in the box. The Court's questionnaire was circulated to counsel following this conference and neither side objected to the questionnaire. Prospective and seated jurors and alternates will not be allowed to take notes given the anticipated short length of trial, and no objection raised by the parties to the Court's announcement. The Court also notes the government submitted proposed voir dire, which the Court will incorporate in its questioning as it deems appropriate to probe bias and prejudice and for the exercise of peremptory challenges. The defense did not submit proposed voir dire.

12. **Trial**. Opening statements limited to <u>20 minutes</u> per side. Closing statements will be set during trial. Bench conferences to be used sparingly. Counsel for the government anticipate <u>4 people</u> at their table (2 attorneys, TSA Inspector Jeffrey Schmitz, and paralegal LeAndrea Garcia). Defense counsel anticipates <u>2 people</u> at defense table (Counsel and Defendant). Bench conferences and use of equipment discussed.

13. **Objections**. Objections should be short and to the point. The Court will not allow lengthy evidentiary arguments in front of the jury. Counsel should instruct their witnesses to allow the full question to come in and an opportunity for any objection before answering. Counsel are reminded to wait for the full question before objecting and not to instruct the witnesses but to request the Court to do that as appropriate.

14. **Offers of Proof**. Counsel are responsible for bringing any offers of proof to the Court's attention. Counsel are further advised these will be handled outside of the jury's presence and not on jury time.

15. **Jury Instructions**. A jury instruction conference will be set during trial. The government submitted propose jury instructions. The Court notes that defense did not submit instructions; defense counsel announces he does not plan to but will reserve the right to request supplemental instructions if the need arises. The Court further advises it does not plan to have a court reporter transcribe the jury instructions when the final instructions are read to the jury, and the parties agree no transcription is necessary on the final instructions, which will be filed of court record.

16. **Verdict Form**. Will be discussed as part of the jury instruction conference. The Court notes it is in receipt of the government's proposed verdict form.

17. **Sealing and Redaction Issues**. Government raises medical files which will contain personal identifiers of Ojo. The Court instructs the parties to confer and reach an agreement as to this issue. The Court further states it will circulate a cautionary instruction that it has given in the past regarding redactions, which the parties may confer over and propose an appropriate instruction for this case.

18. **IT**. The Court's courtroom deputy has reached out to counsel for the parties with available dates and time they may test any equipment needed for trial in Courtroom 502.

19. **Other issues raised by counsel**. Government advises the Court the parties are discussing the possibility of proceeding as a bench trial but will continue to confer. The deadline to advise this Court on whether the parties intend to seek leave to continue as a bench trial is **Friday, August 9, 2024, at 3:00 p.m.** Any waivers must be filed by that deadline. *See also* Fed. R. Crim. P. 23.

The following deadlines were extended or set by the Court during this pretrial conference, and are **ORDERED** by the Court as follows:

- **Friday, August 9, 2024, at 3:00 p.m.**
  - Parties' new plea deadline.
  - Parties to advise on bench trial.
- **Friday, August 9, 2024, at 5:00 p.m.**
  - Witness lists with current hometown addresses to be submitted to Judge Dishman via Orders inbox. Counsel to use the witness list form of the Court.
  - Exhibit list to be submitted to Judge Dishman via Orders inbox. Counsel to use exhibit list form of the Court.
  - Exhibit Notebooks to be delivered to Judge Dishman's chambers (3 copies of any exhibit notebook and 1 USB of those same exhibits in electronic format and in compliance with JERS outline).
  - Stipulations to be submitted to the Court.
  - Any written objection by the defendant to be filed regarding evidence being introduced as to the Defendant's Kentucky state conviction.
- **Monday, August 12, 2024, at noon**.
  - Government to file its response to any written objection filed by Defendant regarding Defendant's Kentucky state conviction.

The Court **REMINDS** the parties that if things change or if they have updates to what they stated at the pretrial conference, they are to immediately advise the Court through the Court's courtroom deputy clerk or file an appropriate document.

The Court reminds the parties and counsel that timeliness is very important to the Court and the jury.

Defendant Olukayode Aduragbenro Ojo is released back out on conditions pending trial.