**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR-24-00125-JD |
| | ) | |
| OLUKAYODE ADURAGBENRO OJO, | ) | |
| | ) | |
| Defendant. | ) | |

## COURT'S INSTRUCTIONS TO THE JURY

**JODI W. DISHMAN**

**UNITED STATES DISTRICT JUDGE**

## <u>INSTRUCTION 1</u>

## <u>INTRODUCTION TO FINAL INSTRUCTIONS</u>

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about the burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

## INSTRUCTION 2

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

## INSTRUCTION 3

## EVIDENCE—DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

## INSTRUCTION 4

## EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

## **INSTRUCTION 5**

## **REDACTIONS**

The government and defendant have admitted exhibits into evidence. Several of those exhibits were redacted at my direction. You should not concern yourself with the redactions. You should not draw any inferences from that, and you should not speculate as to what was redacted or why.

## INSTRUCTION 6

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

6

In reaching a conclusion on a particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

## **INSTRUCTION 7**

## **IMPEACHMENT BY PRIOR INCONSISTENCIES**

You have heard the testimony of Dr. Hania Alaidroos. You have also heard that, before this trial, she made a statement that may be different from her testimony here in court. This earlier statement was brought to your attention only to help you decide how believable her testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating her testimony here in court.

## **INSTRUCTION 8**

## **EXPERT WITNESS**

During the trial, you heard the testimony of an expert witness, Dr. David M. O'Brien. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

# <u>INSTRUCTION 9</u>

## <u>"SUPERSEDING INDICTMENT" —EXPLAINED</u>

The Superseding Indictment is simply the description of the charges made by the government against the defendant; it is not evidence of guilt or anything else.

## INSTRUCTION 10

## SUPERSEDING INDICTMENT

The Superseding Indictment by which the defendant is charged reads as follows:

## SUPERSEDING INDICTMENT

The Federal Grand Jury charges:

## COUNT 1

### (False Statement)

On or about March 27, 2023, in the Western District of Oklahoma,

------------------------------ **OLUKAYODE ADURAGBENRO OJO** ------------------------

willfully and knowingly made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the United States Government. Specifically, OJO submitted an application to the Federal Aviation Administration (FAA), which operates within the U.S. Department of Transportation, for an FAA Medical Certificate First Class that falsely stated that he did not have a history of nontraffic criminal convictions, for the purpose of obtaining an FAA Medical Certificate First Class.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT 2

### (False Statement)

Between on or about March 13, 2024, and on or about March 14, 2024, in the Western District of Oklahoma and elsewhere,

------------------------------ **OLUKAYODE ADURAGBENRO OJO** ------------------------

11

willfully and knowingly made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the United States Government. Specifically, OJO made written and oral false statements and representations to the FAA, which operates within the U.S. Department of Transportation, and to agents of the FAA concerning his history of nontraffic criminal convictions in connection with an application to the FAA for an FAA Medical Certificate First Class, for the purpose of obtaining an FAA Medical Certificate First Class.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## **INSTRUCTION 11**

## **PRESUMPTION OF INNOCENCE— BURDEN OF PROOF—REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

## **INSTRUCTION 12**

## **JUDICIAL NOTICE**

The Court has taken judicial notice of certain facts. When the Court declares that it has taken judicial notice of some fact, you may accept the Court's declaration as evidence and regard as proved the fact which has been judicially noticed. You are not required to do so, however, since you are the sole judges of the facts.

## **INSTRUCTION 13**

## **ON OR ABOUT**

You will note that the Superseding Indictment charges that the crimes were committed on or about certain dates.  The government must prove beyond a reasonable doubt that the defendant committed the crimes reasonably near those dates.

## **INSTRUCTION 14**

## **MULTIPLE COUNTS**

A separate crime is charged against the defendant in each count of the Superseding Indictment. You must separately consider the evidence against the defendant on each count charged and return a separate verdict on each count.

Your verdict as to any one count, whether it is not guilty or guilty, should not influence your verdict as to any other count.

## INSTRUCTION 15

## FALSE STATEMENT
### 18 U.S.C. § 1001(a)(2)

The defendant is charged in Counts 1 and 2 of the Superseding Indictment with violations of Title 18, United States Code, Section 1001(a)(2).

This law makes it a crime to knowingly and willfully make a false, fictitious, or fraudulent statement or representation concerning a material fact within the jurisdiction of the executive branch of the United States.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

**First:**   The defendant made a false statement or representation to the government; specifically the defendant made a false statement or representation to the Federal Aviation Administration;

**Second:** The defendant made the statement knowing it was false;

**Third:**  The defendant made the statement willfully, that is deliberately, voluntarily and intentionally;

**Fourth:** The statement was made in a matter within the jurisdiction of the executive branch of the United States; and

**Fifth:**  The statement was material to the Federal Aviation Administration.

A fact is "material" if it has a natural tendency to influence or is capable of influencing a decision of the Federal Aviation Administration. However, it is not necessary that the Federal Aviation Administration was in fact influenced in any way.

**INSTRUCTION 16**

**KNOWINGLY - DEFINED**

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question unless the defendant did not actually believe the fact in question.

## **INSTRUCTION 17**

## **SIMILAR ACTS**

You have heard evidence of other crimes, wrongs, or acts engaged in by the defendant. You may consider that evidence only as it bears on the defendant's intent, knowledge, absence of mistake or accident, and for no other purpose. Of course, the fact that the defendant may have previously committed other crimes, wrongs, or similar acts does not mean that the defendant necessarily committed the acts charged in this case.

## **INSTRUCTION 18**

## **CONSIDER ONLY CRIMES CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or crime not charged in the Superseding Indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crimes charged.

21

## **INSTRUCTION 19**

## **PUNISHMENT**

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

## **INSTRUCTION 20**

## **COMMUNICATION WITH THE COURT**

If you want to communicate with the Court at any time during your deliberations, please write down your message or question on a piece of paper, date it, and write the name of the foreperson and the foreperson should sign, and then fold the paper, and give it to the bailiff, who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue. Under no circumstances should you reveal to me the numerical division of the jury.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be. That is your exclusive responsibility.

## INSTRUCTION 21

## DUTY TO DELIBERATE AND VERDICT FORM

After closing arguments, the bailiff will escort you to the jury deliberation room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be in the jury room for your review.

If any of you have cell phones or similar devices with you, you are instructed to be sure they are turned off and then to turn them over to the bailiff as you enter the jury deliberation room. They will be held by the bailiff for you and returned to you after your deliberations are completed and during any lunch break or similar period when you are not deliberating. The purpose of this requirement is to avoid any interruption or distraction during your deliberations and to avoid any question of outside contact with the jury during your deliberations.

You will note, from the oath to be taken by the bailiff, that during the course of your deliberations, the bailiff and other persons are forbidden from communicating in any way or manner with any member of the jury on any subject touching the merits of the case.

When you go to the jury deliberation room, you should first select a foreperson, who will help guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your

deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is not guilty or guilty, all of you must agree. Your verdict must be unanimous on each count of the Superseding Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt on each of the counts.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the spaces provided on the verdict form for each count of the Superseding Indictment, either not guilty or guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

Abigail Hilburn will serve as bailiff. Following the closing arguments, the bailiff will come forward and be sworn.

## **INSTRUCTION 22**

## **CLOSING ARGUMENTS**

Counsel will now be allowed to make closing arguments. You are reminded that what the lawyers say is not evidence. It is intended to assist you in recalling the evidence and to suggest inferences you may wish to draw, but you are not bound by what the lawyers say in closing arguments. It is your recollection of the evidence and the inferences you choose to draw that control. Counsel may refer to the instructions I have given you about the law you are to apply when deciding this case. In that regard, if there is any inconsistency between what counsel may say about the instructions and the actual instructions I have given to you, you must apply the instructions as I have stated them.

Because the government has the burden of proof, the government will go first, then the defendant will make a closing argument, and then the government will complete the arguments by presenting a rebuttal argument.

The bailiff will come forward and be sworn.

Members of the jury, please follow the bailiff to the deliberation room where you will commence your deliberations. All persons in the courtroom please stand and remain standing until the jury has retired. The alternates should wait, and I will give you further instructions.

**Signed this 16th day of August 2024.**


_____

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE